**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARK WODJA,

                    Plaintiff,                    CIVIL ACTION NO..  08-14015


V.                                                DISTRICT JUDGE DENISE PAGE HOOD


COMMISSIONER OF SOCIAL                            MAGISTRATE JUDGE VIRGINIA M. MORGAN
SECURITY,

                    Defendant.

_____/


## REPORT AND RECOMMENDATION


        This is an action for judicial review of the defendant's decision denying plaintiff's

application for social security disability benefits.  Plaintiff alleged that he became disabled July

1, 2001 due to emphysema-related breathing problems and depression.  Following a hearing

before an ALJ at which plaintiff and a vocational expert testified, defendant found that plaintiff

was unable to perform his past relevant work but could perform other work and so was not

disabled.  Plaintiff contends that this finding is not supported by substantial evidence.  Defendant

contends otherwise.  For the reasons discussed in this report, it is recommended that the

defendant's motion for summary judgment be granted, plaintiff's motion be denied, and the

decision denying disability benefits be affirmed.


                                        -1-

**Standard of Review**

The issue before the court is whether to affirm the Commissioner's determination.  In

Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining
> whether the Secretary's findings are supported by substantial
> evidence and whether the Secretary employed the proper legal
> standards in reaching her conclusion.  42 U.S.C. §405(g);
> Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed.
> 2d 842 (1971).  Substantial evidence is more than a scintilla of
> evidence but less than a preponderance and is such relevant
> evidence as a reasonable mind might accept as adequate to support
> a conclusion.  Consolidated Edison Co. v. NLRB, 305 U.S. 197,
> 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938).  The scope of our
> review is limited to an examination of the record only.  We do not
> review the evidence *de novo*, make credibility determinations nor
> weigh the evidence.  Reynolds v. Secretary of Health and Human
> Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must

demonstrate that he is unable to engage in any substantial gainful activity because he has a

medically determinable physical or mental impairment that can be expected to result in death or

has lasted, or can be expected to last, for at least 12 continuous months.  42 U.S.C. §

423(d)(1)(A); 20 C.F.R. § 416.905(a).  If a claimant establishes that he cannot perform his past

relevant work, the burden is on the Commissioner to establish that the claimant is not disabled

by showing that the claimant has transferable skills which enable him to perform other work in

the national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v.

Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

**The ALJ Findings**

The ALJ found that plaintiff had, at step two, "severe" impairments of alcohol dependence, chronic obstructive pulmonary disease (COPD), and high blood pressure with orthostatic syncope.  However, the impairments did not meet or equal the Listings.  The defendant then found that plaintiff retained the residual functional capacity for a limited range of medium work.  The vocational expert opined that a person with plaintiff's limitations could perform all unskilled light and sedentary jobs.  At the time of the ALJ's decision, plaintiff was 43 years old, a younger individual.  He has a high school education and past relevant work as a carpenter.  Considering the testimony of the vocational expert and other relevant factors, the ALJ found that plaintiff could perform small products/bench assembly work, order clerk and cashier jobs which existed in significant numbers in the economy.  (Tr. 24)

**The Evidence**

Plaintiff reports that he lives in a travel trailer alone.  He makes notes to remind himself of his appointments, he cleans, does laundry, watches TV, and goes to bed.  He takes care of his own personal needs. (Tr. 94) He has difficulty breathing in hot humid weather and while lying down. (Tr. 95) He prepares his own meals, but can't work for more than ten minutes outside.  He drives and does limited shopping. (Tr. 97) He spends time at the American Legion and goes to rehabilitation therapy once a week. (Tr. 98) He has difficulty with lifting, bending, reaching, walking, climbing and all kinds of straining.  (Tr. 99) He can walk 200 feet, can sit and pay attention long enough to watch a movie, and can follow instructions.  He has problems completing tasks, however. (Tr. 99) He no longer drinks and is on antabuse.  He is unable to hunt and fish due to shortness of breath.  (Tr. 77, 100-101)

-3-

Medical records show that plaintiff was seen for a carotid ultrasound study bilaterally in March, 2005. (Tr. 125) Plaintiff had knee problems and additional studies in June, 2005. (Tr. 121-122) Pulmonary function studies also in March, 2005 showed a reduced diffusing capacity and obstructive airway disease, albeit minimal, related to emphysema. (Tr. 127)

Plaintiff reported two syncopal episodes in February 2005. He has a history of TIA. There was slurred speech, facial droop, and problems moving his right arm and leg, but these resolved before he was seen at the ER. (Tr. 136) When seen at the ER, he denied chest pain, shortness of breath, abdominal pain, or back pain. Blood pressure was 142/82. (Tr. 136) His alcohol level was 0.18 (Tr. 137). Heart studies in February, 2005 were reported as normal except for trace mitral regurgitation. (Tr. 132)

Plaintiff was admitted to the Bay Regional Medical Center in July, 2005 for alcohol withdrawal with delirium tremens (DTs). He was 47 years old, had arthritis, coronary artery disease, COPD, and was shaky and nervous. (Tr. 118) Plaintiff had suicidal ideation and had gone so far as to take one of his six guns out for that purpose. He was drinking a lot, his wife was contemplating divorce, but then he went to see his primary care physician who admitted him to the hospital. (Tr. 118-124) Upon discharge, his diagnoses were depression and alcohol dependency. (Tr. 172)

Plaintiff was examined in October, 2005 by Dr. Gregory Hackel, D.O. (Tr. 180-182) Dr. Hackel noted that plaintiff's blood pressure was controlled with medication. (Tr. 182) With respect to his emphysema, his lungs were clear and he was not short of breath. Id. A psychological assessment was performed October 14, 2005 by George Pestrue, Ph.D., a licensed psychologist. (Tr. 183-188) Plaintiff was noted to have moderate psychosocial stressors and his

-4-

GAF was assessed at 65. (Tr. 188) Plaintiff reported being sober since July, 2005 and having about 20 to 25 good friends with whom he goes hunting and fishing. (Tr. 184) He has difficulty bow hunting because of problems with his shoulder. He can drive. He was friendly, cooperative and spontaneous. Speech was appropriate in tone, volume, and pace. (Tr. 185)

Functional capacity assessments were completed by Bruce Douglass, Ph.D. and Dr. Sethy, M.D. Ph.D in November, 2005. Their findings indicate that plaintiff had a normal chest x-ray in July 2003, syncopal episodes in 2005, but normal chemistry and CBC, normal chest x-ray, EKG and brain CT in 2005, and pulmonary function studies showed 85% of expected. (Tr. 195) Plaintiff had a small joint effusion on his right knee in June, 2005, but as reported in October, 2005, had normal grip and dexterity, no problems with ortho tests, normal gait and neurologically was within normal limits. (Tr. 196) Thus, plaintiff was found able to perform work at the medium exertional level, with postural limitations of only occasional climbing, kneeling, crouching, and crawling and no ladder, ropes or scaffolds. (Tr. 196) Plaintiff was also limited in his ability to work in humidity and around fumes and odors. (Tr. 198)

It appears that in December, 2005 plaintiff overdosed but radiological studies showed no acute intrathoracic abnormality. Heart was not enlarged; lungs were clear and there was no pleural effusion or pneumothorax. (Tr. 212) In February, 2006, plaintiff was seen for pain and swelling in his legs. X-rays showed no deformity or fracture. (Tr. 211) In March 2006, plaintiff underwent an EEG which showed mild cerebral disorganization which was non-specific. It could have been related to medication effects or anxiety but there was no evidence of epileptic tendency. (Tr. 210)

Dr. Buday examined plaintiff for a neurological follow up in April 2006. (Tr. 253) He had another episode of syncope while standing in a garage.  Plaintiff was on Plavix, Verpamil, aspirin, Lescol, Advair, Albuterol and Prozac.  It was noted that he continued to smoke and was a self-employed carpenter.  Dr. Buday referenced the EEG above and noted that neurologically plaintiff was stable. (Tr. 254) He was alert, verbal, with fluent speech, and cranial nerves were intact.  There was no nystagmus and he was independent with gait and station.  He did have minor tremor in his outstretched hands. (Tr. 254)

**Discussion**

Plaintiff argues that the ALJ improperly assessed plaintiff's credibility and that consequently the hypothetical was flawed. Plaintiff claims the ALJ did not properly evaluate his complaints of disabling pain.  The ALJ found they were not credible.  Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain.  Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984).  Therefore, a determination of disability based on pain depends largely on the credibility of the plaintiff.  Houston, 736 F.2d at 367; Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987).  Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464.

Further, in Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain alone may support a claim of disability.  Subsequently, the Social Security Act was modified to incorporate the standard.  20 C.F.R. § 404.1529 (1995).  A finding of disability cannot be based solely on subjective

-6-

allegations of pain.  There must be evidence of an underlying medical condition and (1) there must be objective  medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.  Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991).

In this case, plaintiff has demonstrated essentially resolved alcohol issues and depression, as well as mild COPD.  He has some mild tremors in his outstretched hands.  The ALJ found that there were medical disorders that did account for his subjective complaints.  But, the ALJ also concluded that the alleged severity was not supported by the objective tests or other medical evidence. The ALJ's opinion in this regard is supported by substantial evidence.  Plaintiff's pulmonary function tests have shown only mild COPD.  Further, his blood pressure is controlled by medication.  It does not appear that any physician has found him disabled from working. Indeed, the consulting and reviewing physicians opined that he could perform a restricted range of medium work.  The jobs identified by the vocational expert were at a lesser exertional level, in environments which took into account his postural and environmental limitations.  Plaintiff argues that the ALJ did not take into account his recent shoulder problems, but the jobs identified do not require him to use his shoulder.

Plaintiff has been sober for a substantial period of time, his suicidal ideation appears resolved, and he continues to do some carpentry work. His daily activities are consistent with an RFC to perform the identified jobs of cashier, bench assembly, and order clerk.  Even if the minor tremor would preclude bench assembly, the cashier and noted clerk positions still exist in significant numbers.

The ALJ's determination is supported by substantial evidence. The evaluation of credibility was consistent with the medical evidence and no flaw was evident in the hypothetical. Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying disability benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan                                    
Virginia M. Morgan
United States Magistrate Judge

Dated: July 15, 2009

-8-

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on July 15, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan